[Cite as *State v. McClintock* , 2013-Ohio-5598.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                                :
                                              :
    Plaintiff-Appellee,               :
                                              :           Case No. 13CA4
    v.                                :
                                              :           <u>DECISION AND</u>
TRENTON MCCLINTOCK,                           :           <u>JUDGMENT ENTRY</u>
                                              :
    Defendant-Appellant.              :           Released: 12/11/2013

---

<u>APPEARANCES:</u>

Robert W. Bright, Middleport, Ohio, for Appellant.

Colleen S. Williams, Meigs County Prosecuting Attorney, and Amanda Bizub-Franzmann, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

---

Hoover, J.

{¶ 1}  This is an appeal of a sentence from the Meigs County Court of Common Pleas. After pleading guilty to three felonies, appellant, Trenton McClintock, was sentenced to community control for a period of five years.  The trial court revoked appellant's community control after he failed to meet with his probation officer for over a year.  Appellant had also failed to pay court costs.  As a result of the violation, the trial court sentenced appellant to forty-two (42) months in prison.  Now appellant appeals that prison sentence.  For the following reasons, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.

{¶ 2}  On July 13, 2009, appellant, Trenton McClintock, pleaded guilty to one count of Burglary, a fourth degree felony, in violation of R.C. 2911.12, one count of Receiving Stolen Property, a fifth degree felony, in violation of R.C. 2913.51, and one count of Obstructing, a fifth

degree felony, in violation of R.C. 2921.31.  On September 29, 2009, the trial court sentenced

appellant to community control for a period of five (5) years.  The sentenced carried some

special conditions.  Appellant was required to complete the SEPTA, pay court costs, and

complete community service hours.  After SEPTA, appellant was required to participate in other

rehabilitation programs and meetings.

{¶ 3}  On November 15, 2013, the State filed a Motion to Revoke Probation stating that

appellant had failed to follow orders from officers of the court and pay his monthly fees.  The

motion also stated that appellant failed to meet his probation officer for over a year.  The trial

court revoked appellant's community control and sentenced him to a forty-two (42) month prison

term.

Appellant's Sole Assignment of Error

> I. THE TRIAL COURT ERRED IN THE ENTIRE CASE BY TREATING A
>
> COMMUNITY CONTROL VIOLATION AS A PROBATION VIOLATION
>
> AND IN SENTENCING THE DEFENDANT TO A SENTENCE WHICH WAS
>
> NOT COMMENSURATE WITH THE OFFENSE TO WHICH THE
>
> DEFENDANT ADMITTED.

{¶ 4}  Once a court finds that a defendant violated the terms of her community control

sanction, the court's decision to revoke community control may be reversed on appeal only if the

court abused its discretion.  *State v. Wolfson*, 4th Dist. Lawrence No. 03CA25, 2004-Ohio-2750,

¶ 8, citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (10th Dist.1991).

Generally, appellate review of a sentence involves a two step process.  *State v. Kalish,* 120 Ohio

St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4; see, also, *State v. Evans,* 4th Dist. Washington

No. 11CA16, 2012-Ohio-850, ¶ 5; *State v. Moman,* 4th Dist. Adams No. 08CA876, 2009-Ohio-

2510, ¶ 6. First, an appellate court must determine whether the trial court complied with all applicable rules and statutes. *Kalish,* supra at ¶ 4. If it did, the appellate court reviews the sentence under the abuse of discretion standard. *Id*; *State v. Roach,* 4th Dist. Lawrence No. 11CA12, 2012–Ohio–1295, ¶ 4. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Wolfson* at ¶8 citing *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

{¶ 5} Under Ohio law, the trial court has three options for punishing offenders who violate community control sanctions. The court may (1) lengthen the term of the community control sanction, (2) impose a more restrictive community control sanction, or (3) impose a prison term on the offender. *State v. Guilkey*, 4th Dist. Scioto No. 04CA2932, 2005-Ohio-3501, ¶ 5; R.C. 2929.15(B)(1)(a)-(c). If the court elects to impose a prison sentence upon a violator of community control sanctions, it "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code." R.C. 2929.15(B)(2).

{¶ 6} R.C. 2929.19(B)(4) also provides:

If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a

sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

{¶ 7}  In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Supreme Court of Ohio addressed the statutory notice requirements under R.C. 2929.19(B)(5) and R.C. 2929.15.  After *Brooks* was released, R.C. 2929.19 was amended without any relevant substantive changes, and R.C. 2929.19(B)(5) was moved to R.C. 2929.19(B)(4).  *State v. Marshall*, 6th Dist. Erie No. E-12-022, 2013-Ohio-1481, ¶ 9.

{¶ 8}  Construing the above statutes, the *Brooks* court ultimately held that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Brooks* at paragraph two of the syllabus.

{¶ 9}  In his sole assignment of error, appellant argues that the trial court erred by treating his community control violation as a probation violation and issuing a sentence that was not commensurate with the offense.  Appellant relies on our decision in *State v. McPherson*, 142 Ohio App.3d 274, 755 N.E.2d 426, 2001-Ohio-2373 (4th Dist.) in support of his argument.  In *McPherson*, we stated:

> [T]he trial court treated this case as something similar to a probation revocation proceeding in which a prison sentence could be imposed automatically for a probation violation. However a community control violation must be treated differently.
>
> ***

[T]he court which imposes punishment for a violation of a community control sanction cannot punish the offender again for the crime that gave rise to the community control sanction. The sanction for the violation of the community control sanction should be the sanction that is commensurate with the seriousness of the violation and adequately protects 'the public from future crime by the offender and others." *Id.* at 282-283 quoting Griffin & Katz, Ohio Felony Sentencing Law (2000 Ed.) 523–524, Sections T5.36.

Appellant states that the trial court improperly imposed punishment based upon his original convictions and not the subsequent violation of community control.

{¶ 10}  Some time ago, we outlined the differences between probation and community control.  Probation is seen as a contract for good behavior, where the court first imposes the proper punishment for the offense, then suspends the sentence in favor of probation.  A community control sanction is not a contract for good behavior, and if the defendant violates community control the court imposes a sanction for that misconduct and not the original crime. *State v. Beverly*, 4th Dist. Ross No. 01CA2603, 2002-Ohio-118 at *3

{¶ 11}  We recognize that "[c]ommunity control sanctions essentially replace the concept of probation in Ohio's criminal justice system." *State v. Wolfe*, 5th Dist. Stark No. 2008-CA-00064, 2009-Ohio-830, ¶ 16.  Accordingly, the main issue here is not whether the trial court treated the community control violation as a probation violation, but whether the trial court acted pursuant to the law when it sentenced appellant to a prison term after a community control violation.  In reviewing appellant's sentence, we focus our analysis on whether the trial court specifically reserved the prison term at original sentencing pursuant to *Brooks*.

{¶ 12} Appellant's reliance on *McPherson* is misplaced. We reversed the sentence in that case because the trial court failed to notify the defendant, pursuant to R.C. 2929.15(B), of the specific prison sentence that would be given if he violated community control. *Id* at 283. In *McPherson*, we found that the trial court treated the community control violation as a probation violation, where a prison sentence could be imposed automatically. The trial court in *McPherson* stated at original sentencing: "You're on community control for five years. You get out of line, you go to prison. Its just that simple." *Id.* at 278. We do not believe the trial court here acted in the same improper manner.

{¶ 13} In this case, the trial court stated in the original sentencing entry that "[if] Defendant violates any term or condition of said community control, the Court specifically reserves the right to impose the maximum sentence as to each offense and the right to Order said sentences to be served consecutively, for an aggregate sentence of three and one-half years." Appellant provided no transcript of the September 28, 2009 sentencing hearing to examine if appellant was orally notified of the possible prison term. Appellant also did not provide a narrative statement of the evidence as provided by App.R. 9(C), or an agreed statement of the record as set forth under App.R. 9(D). Therefore we must presume regularity in the proceedings and assume that the trial court notified appellant of the reserved sentence of forty-two (42) months. *See State v. Harris*, 4th Dist. Pickaway No. 11CA15, 2012-Ohio-2185, fn. 1; *State v. Delong*, 4th Dist. Adams No. 05CA815, 2006-Ohio-2753, ¶ 6.

{¶ 14} The trial court did not treat appellant's community control proceeding like a probation violation. At the original sentencing hearing, the trial court reserved the right to sentence appellant to a prison term upon a community control violation. After the violation, the trial court elected to utilize the reserve sentence. Accordingly, the trial court acted properly and

complied with the appropriate sentencing statutes. The trial court did not abuse its discretion in sentencing appellant to forty-two (42) months in prison as a result of the community control violation. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.