[Cite as *State v. Hart*, 2014-Ohio-3733.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                                  :
                                                :
    Plaintiff-Appellee,                         :
                                                :        Case No. 13CA8
    v.                                          :
                                                :        <u>DECISION AND</u>
FLOYD HART,                                     :        <u>JUDGMENT ENTRY</u>
                                                :
    Defendant-Appellant.                        :        Released: 08/21/2014

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Ohio Assistant Public Defender, Columbus, Ohio for Appellant.

Keller J. Blackburn, Athens County Prosecutor, and Matthew W. Ward, Athens County Assistant Prosecutor, Athens, Ohio for Appellee.

_____

Hoover, J.:

{¶ 1} Defendant-appellant, Floyd Hart, appeals his sentence from the Athens County Court of Common Pleas. Hart was sentenced to a total of 5 years and 6 months after violating his community control sanctions in two separate cases. The trial court ordered the sentences in each case to be served consecutively. On appeal Hart presents three assignments of error. First, Hart argues that the trial court abused its discretion when it arbitrarily found the seriousness of his original offense to be more serious in 2013 than when it occurred in 2007. Second, Hart contends the trial court incorrectly determined that it was bound to impose consecutive prison terms. Lastly, Hart argues that the prison term for the violation of community control sanctions cannot run consecutively to any other sentence.

{¶ 2} In January 2007 in case number 06CR0284, Hart pleaded guilty to Failure to Comply, in violation of R.C. 2921.331(B), a felony of the third degree. Hart was sentenced to,

among other things, 4 years of community control sanctions; and he was ordered to successfully complete the SEPTA Correctional Facility Program. The trial court stated: "Violation of any of this sentence shall lead to a longer term under the same sanction, a more restrictive sanction, or a prison commitment of four (4) years."

{¶ 3} In July 2008, the trial court found probable cause that Hart violated the terms of his community control. At the dispositional hearing in September 2008, the court sentenced Hart to complete the remainder of the 4 years of community control sanctions and to enter the MonDay Program. The trial court found that "the factors against recidivism outweigh the factors for recidivism and that the less serious factors outweigh the more serious factors." The trial court notified Hart that if he violated any of the terms of the community control sanctions, a longer term of community control under the same sanction, a more restrictive sanction, or a prison commitment of 4 years shall result.

{¶ 4} Approximately one year later in June 2009, Hart again violated the terms of his community control sanctions. As a result of this violation, the trial court found: "***the factors for recidivism outweigh the factors against recidivism. Also, the more serious factors outweigh the less serious factors." The trial court sentenced Hart to 4 years in the State Penal System. The trial court then recited the required notifications if Hart violates any conditions of post-release control.

{¶ 5} In January 2010, after Hart filed a Motion for Judicial Release, the trial court granted the motion. The trial court suspended the balance of Hart's original sentence of 4 years and placed Hart on judicial release subject to community control conditions. The trial court informed Hart that the suspended portion of the prison term could be reimposed.

{¶ 6} In May 2012, the State filed a Notice of Violation of Community Control alleging six violations. Violation 3 referred to an assault on Jessica Segar. Hart stipulated to violations 3 through 6 and the trial court found probable cause upon each violation. As a result of the violation of community control sanctions, the trial court sentenced Hart in case number 06CR0284 to continue the previously ordered community control/judicial release.

{¶ 7} Consequently, the State charged Hart with Domestic Violence, in violation of R.C. 2919.25(A), in case number 12CR0168. Hart pleaded guilty to one count Domestic Violence in exchange for a recommended sentence of 5 years of community control and continued community control in case number 06CR0284. The trial court sentenced Hart to 5 years of community control sanctions[1]. Hart was also ordered, among other things, to successfully complete the SEPTA Correctional Facility Program. Hart was again notified of the possible punishments if he would violate any of the 5 years of community control sanctions.

{¶ 8} At the July 19, 2012 sentencing hearing, in case number 12CR0168, the trial court instructed Hart:

> BY THE JUDGE: Okay. Alrighty. Then I need to advise you, Mr. Hart, that if you violate any terms and conditions of your community control the Court could increase the time period you're on community control. The Court can impose additional terms and conditions for you to follow on community control. And the Court can sentence you a specific prison term of eighteen months to be served consecutively to any prison sentence imposed upon you in 06CR0284.

---

[1] In the trial court's judgment entry dated May 18, 2012, the trial court also mentioned that Hart was sentenced to five (5) years of community control for Case 12CR0168.

The corresponding judgment entry failed to include language regarding serving the sentence of 18 months consecutively to a sentence imposed in 06CR0284. The trial court filed a nunc pro tunc` judgment entry on February 6, 2013 which added the following language in italics:

> Violation of any of this sentence shall lead to a longer term under the same sanction, a more restrictive sanction, or a prison commitment of eighteen (18) months *to be served consecutively to any prison sentence imposed upon him in 06CR0284*.

{¶ 9} On January 14, 2013, the State filed another Notice of Violation of Judicial Release/Community Control alleging two violations: 1) Hart was booked into the Southeastern Ohio Regional Jail on charges of Domestic Violence and Aggravated Burglary and 2) nonpayment of court costs. The trial court found probable cause for both violations. In its February 21, 2013 judgment entry, the trial court terminated Hart's judicial release and community control in case number 06CR0284 and sentenced him to the previously suspended 4-year prison sentence. The court also sentenced Hart to a prison term of 18 months in case number 12CR0168. The court ordered Hart to serve the terms consecutively because:

> ***consecutive sentences are mandatory in this case pursuant to Ohio Revised Code Section 2929.14(C)(3). Further, even if consecutive sentences were not mandatory the Court would so order them, pursuant to R.C. 2929.14(C)(4), as consecutive sentences are necessary to protect the public from future crime and to punish the offender; Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger the offender poses to the public and, further, Defendant committed a new offense while under a community control sanction.

{¶ 10} Appellant Hart timely filed this appeal on February 25, 2013.

Appellant's First Assignment of Error:

> A TRIAL COURT ABUSES ITS DISCRETION WHEN IT IMPOSES A
> PRISON TERM, IN PART, BECAUSE THE SERIOUSNESS FACTORS ON
> 2929.12 INDICATED THAT THE OFFENSE IS MORE SERIOUS WHEN
> THAT COURT HAD PREVIOUSLY HELD THAT THE FACTORS
> INDICATED THAT THE OFFENSE WAS LESS SERIOUS.

{¶ 11} In his first assignment of error, appellant Hart argues that the trial court abused its discretion when it held his original offense in case number 06CR0168, Failure to Comply, was more serious in 2013 than it was in 2007. Hart contends that originally, when community control sanctions were found to be appropriate, the less serious factors outweighed the more serious factors, but in the February 21, 2013 judgment entry the trial court changed its position and stated: "***the more serious factors outweigh the less serious factors."

{¶ 12} After Hart's first violation of community control sanctions in 2008, the trial court continued his then current sanctions, finding "***that the less serious factors outweigh the more serious factors." After Hart's second community control violation, the trial court stated in its June 19, 2008 Judgment Entry: "the Court finds the factors for recidivism outweigh the factors against recidivism. Also, the more serious factors outweigh the less serious factors." At the February 5, 2013 sentencing hearing the trial court stated: "***that because of the numerous violations in both of those cases as well as the pending charge*** that the seriousness factors again are more likely than not, more serious than not, because of the domestic violence as well as to Jessica Sager as the victim." The corresponding judgment entry dated February 21, 2013

reflects the same stating: "The Court finds the recidivism factors outweigh the non-recidivism factors and the more serious factors outweigh the less serious factors."

{¶ 13} The trial court has significant discretion in sentencing a defendant for a community control violation, so long as it is consistent with the purposes and principles of sentencing and with notification provided by the trial court when imposing the community control sanctions. See R.C. 2929.15(B)(2); *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20 (stating that a trial court has "a great deal of latitude in sentencing" an offender for a community control violation). When sentencing an offender for a community control violation, the trial court must "consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *Id.* at ¶ 20.

{¶ 14} When reviewing the transcript of the February 5, 2013 hearing, it demonstrates that the trial court was referring to the seriousness of the violation of the community control sanctions, not the underlying failure to comply conviction.

> TRIAL COURT: * * * The Court in 06CR0284, that's a judicial release situation at this time, and the Court in both cases considered the recidivism factors and finds that because of the numerous violations in both of those cases as well as the pending charge that the recidivism likely outweighs that of less likely and that the seriousness factors again are more likely than not, more serious than not, because of the domestic violence as well as the pending domestic violence charge against Jessica, or as to Jessica Sager as the victim. * * *

It is clear from the record that prior to sentencing Hart for his latest violations of community control sanctions, the trial court considered the gravity of the community control violations.

{¶ 15} It is also clear that the trial court considered the seriousness of the original offense. The judgment entry of February 21, 2013 states the following:

> Defendant was previously convicted of Failure to Comply with the Signal or
> Order of a Police Officer, in violation of Ohio Revised Code Section 2921.331(B),
> a felony of the third degree in Athens County Common Pleas case number
> 06DR0284 and in case number 12CR0168 of Domestic Violence, in violation of
> Ohio Revised Code Section 2919.25(A), a felony of the fourth degree.

The prosecutor addressed the trial court prior to the sentencing on the community control violation and stated that Hart was originally convicted in 06CR0284 of a third degree felony failure to comply with signal or order of a police officer. The trial court also addressed the underlying offense of the failure to comply during the sentencing noting that it was a judicial release situation.

{¶ 16} Therefore, Hart's argument that the trial court abused its discretion when it held that the failing to comply was more serious in 2013 than it was in 2007, has no merit. Hart's argument is misplaced in that the trial court was referring to the seriousness factors of the community control violation not the underlying offense. The trial court did not abuse its discretion by finding the more serious factors outweighed the less serious factors.

Appellant's Second Assignment of Error:

> A PRISON TERM FOR VIOLATING COMMUNITY CONTROL MAY BE
> SERVED CONCURRENTLY WITH A PRISON TERM FOR ANOTHER
> OFFENSE

{¶ 17} In his second assignment of error, Hart argues that the trial court incorrectly ruled that pursuant to R.C. 2929.14(C)(3), it was bound to impose consecutive sentences for his 2013

violations of community control. Hart contends that his sentence was imposed for a violation of community control sanctions, and not for the underlying offense of Failure to Comply. Therefore, Hart argues, R.C. 2929.14(C)(3) does not apply. Hart asks this Court to remand the case in order for the trial court to exercise its judgment to determine whether to run the terms consecutively.

{¶ 18} In sentencing Hart for the violation of community control sanctions, the trial court stated in its February 21, 2013 Judgment Entry:

> The Court also notes that consecutive sentences are mandatory in this case *pursuant to Ohio Revised Code Section 2929.14(C)(3).* Further, even if consecutive sentences were not mandatory the Court would order them, pursuant to R.C. 2929.14(C)(4), as consecutive sentences are necessary to protect from future crime and to punish the offender; Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger the offender poses to the public and, further, Defendant committed a new offense while under a community control sentence.
>
> (Emphasis Added).

Hart argues that R.C. 2929.14(C)(3) does not apply in this case because his sentence was for a violation of community control and not for the original offense of Failure to Comply.

{¶ 19} The issue before us then is whether R.C. 2929.14(C)(3) applies when an offender who is found guilty of a violation of division B of 2921.331 is initially sentenced to community control sanctions but later is sentenced to a prison term for a violation of those community control sanctions. "A court interpreting a statute must look to the language of the statute to determine legislative intent." *State v. Clemons*, 4th Dist. Highland No. 12CA9, 2013-Ohio-3415, ¶ 7. Courts should give effect to the words of the

statute and should not modify an unambiguous statute by deleting or inserting words; that is, we have no authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation. *Id.* In interpreting a criminal statute, courts must construe the statute strictly against the state and liberally in favor of the accused. *Id.* citing R.C. 2901.04(A); *State v. Gray,* 62 Ohio St.3d 514, 515, 584 N.E.2d 710 (1992). "The interpretation of a statute or ordinance is a question of law, which we review de novo." *State v. Frey,* 166 Ohio App.3d 819, 2006-Ohio-2452, 853 N.E.2d 684, ¶ 9.

{¶ 20} R.C. 2929.14(C)(3) states: "*If a prison term is imposed* for *** a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." (Emphasis Added).

{¶ 21} Here, the trial court did not impose a prison term when Hart pleaded guilty to Failure to Comply, in violation of R.C. 2921.331(B). Instead, the trial court sentenced Hart to 4 years of community control sanctions. A prison sentence in case no. 06CR0284 was only imposed after a second violation of the originally ordered community control sanctions, on June 19, 2009. As detailed previously in the statement of facts, Hart was later granted judicial release. A prison sentence was again imposed after Hart violated the judicial release community control sanctions on February 21, 2013. This prison sentence is the sentence at issue in this appeal. Therefore a prison sentence was never imposed for Hart's original offense of Failure to Comply. The prison sentences in 06CR0284 were only ordered after violations for community control sanctions.

{¶ 22} R.C. 2929.15(B) controls the possible punishments for an offender that violates his community control. *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814

N.E.2d 837, ¶ 7. The statute reads: "If the conditions of a community control sanction are violated *** the sentencing court may impose upon the violator one or more of the following penalties:***" R.C. 2929.15(B)(1). Interpreting this statute, any penalty, imposed for a community control violation is a punishment for that violation and not the original offense.

{¶ 23} This Court has previously held that "***when the defendant violates community control, the court imposes an appropriate sanction for that misconduct, but not for the original or underlying crime." *State v. Beverly*, 4th Dist. Ross No. 01CA2603, 2002-Ohio-118, *3.  Therefore, R.C. 2929.14(C)(3) would not apply here, since Hart was not given a prison sentence initially and his sentence here on appeal was a result of a community control violation, not the original offense of Failure to Comply. Accordingly, Hart's sentences for community control violations in cases 06CR0284 and 12CR0168 were not mandated by R.C. 2929.14(C)(3) to run consecutively.

{¶ 24} Although the trial court was incorrect with regards to the mandatory imposition of sentences, the above quoted February 21, 2013 Judgment Entry shows it also held that consecutive sentence were appropriate under R.C. 2929.14(C)(4). We will address this issue in our analysis of Hart's third assignment of error.

Appellant's Third Assignment of Error:

> A TRIAL COURT MAY NOT RUN A PRISON TERM FOR A FELONY
> CONSECUTIVELY TO A PRISON TERM FOR A VIOLATION OF
> COMMUNITY CONTROL

{¶ 25} Appellant Hart in his third assignment of error, argues that the trial court cannot order a prison sentence for a violation of community control to run consecutively to any other

sentence. Hart does not cite to any case law for the assertion but states that, pursuant to R.C. 2929.14(C)(4), consecutive sentences may only be imposed for "***convictions of multiple offenses." Hart also cites R.C. 2929.41(A): "Except as provided in [R.C. 2929.41(B), 2929.14(C), or R.C. 2971.03], a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term or sentence of imprisonment."

{¶ 26} Following his original sentence, in case number 06CR0284, of 4 years community control sanctions, Hart violated the sanctions twice. The first time, the trial court continued his current sanctions; the next violation, the trial court sentenced him to 4 years in prison. Hart was then granted judicial release. Upon being granted judicial release, the trial court instructed Hart: "I do need to tell him that this does represent a suspension of the sentence, which means that if you do not satisfy all of the terms and the conditions of the community control sentence you could be sent back to serve the balance of the sentence."

{¶ 27} For the sentence pertaining to case number 06CR0284, R.C. 2929.20 controls. As this court has previously explained in *State v. Perry*, 4th Dist. Athens No. 13CA12, 2013-Ohio-4066, at ¶ 14:

> R.C. 2929 .20(K) governs the revocation of judicial release when an eligible
> offender violates a condition of judicial release, providing in pertinent part:
> If the court grants a motion for judicial release under this section, the court shall
> order the release of the eligible offender, shall place the eligible offender under an
> appropriate community control sanction, under appropriate conditions, and under
> the supervision of the department of probation serving the court and shall reserve
> the right to reimpose the sentence that it reduced if the offender violates the

sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of community control shall be no longer than five years.

{¶ 28} "***[A] review of R.C. 2929.20(K) makes clear that 'there is no requirement under the judicial release statute that the trial court notify a defendant of the specific prison term that may be imposed as a result of a violation of community control following early judicial release. R.C. 2929.20[ (K) ] merely reserves the right of the trial court to reimpose the sentence that is reduced pursuant to the judicial release if defendant violates the sanction.' " *Id.* at ¶ 15 quoting State v. Durant, 5th Dist. Stark No.2005 CA 00314, 2006-Ohio-4067, ¶ 16. "In order to reserve the right to reimpose the original sentence under R.C. 2929.20, we have previously held that a trial court must expressly reserve, on the record, the right to reimpose the original sentence when it grants judicial release." *Perry* at ¶ 16 citing *State v. Evans,* 4th Dist. Meigs No. 00CA003, 2000 WL 33538779, *3 (Dec. 13, 2000).

{¶ 29} Here the trial court notified Hart that if he failed to comply with conditions of his judicial release, he could be resentenced to the suspended sentence of 4 years in prison. The notification was given at the hearing of Hart's Motion for Judicial Release and the suspended sentence was recorded in the trial court's January 26, 2010 decision on the motion. Therefore, the trial court did not err in sentencing Hart to four years in prison for his community control violations in case number 06CR284.

{¶ 30} On May 18, 2012, in case number 12CR0168, Hart pleaded guilty to Domestic Violence. This offense also led to a violation of Hart's judicial release/community control in case number 06CR284. As a result, the trial court entered a sentence continuing Hart's judicial release

and sentencing Hart to 5 years of community control for the offense of Domestic Violence. During the sentencing hearing in case number 12CR0168, the trial court stated: "Then I need to advise you, Mr. Hart, that if you violate any terms and conditions of your community control the Court could ***sentence you to a specific prison term of eighteen months to be served consecutively to any prison sentence imposed upon you in 06CR284."

{¶ 31} Under Ohio law, the trial court has three options for punishing offenders who violate community control sanctions. The court may (1) lengthen the term of the community control sanction, (2) impose a more restrictive community control sanction, or (3) impose a prison term on the offender. *State v. McClintock*, 4th Dist. Meigs No. 13CA4, 2013-Ohio-5598, ¶ 5. "If the court elects to impose a prison sentence upon a violator of community control sanctions, it 'shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code.' " *Id.* quoting R.C. 2929.15(B)(2).

{¶ 32} In addition to the 4-year sentence received in case number 06CR284, the trial court sentenced Hart to 18 months for a violation of his community control in 12CR0168. The sentence pertaining to case number 12CR0168 followed proper notification requirements and conformed with R.C. 2929.15 as evidenced by the aforementioned transcript of the sentencing hearing on July 19, 2012. Therefore the trial court did not err in its sentence in case number 12CR0168.

{¶ 33} Now that we have established that both sentences in case numbers 06CR284 and 12CR0168 followed the proper notification requirements, we now focus on the trial court's order for Hart to serve them consecutively pursuant to R.C. 2929.14(C)(4). Hart contends that R.C.

2929.14(C)(4) does not authorize a trial court to run a prison term for a violation of community control consecutive to any other sentence. Hart does not cite any case law to support his position.

{¶ 34} In *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-9492, 808 N.E.2d 874, the Ohio Supreme Court addressed an issue concerning a trial court's imposition of consecutive six month jail terms for violations of community control sanctions. In *Barnhouse*, the trial court failed to properly notify the defendant of the specific prison term that would be imposed upon him if he violated the conditions of his community control. *Id.* at ¶ 14. The trial court instead attempted to sentence the defendant to consecutive prison terms under 2929.16(A)(2). *Id.* In concluding that the trial court erred the Supreme Court stated: "Indeed, we are unwilling to construe the unambiguous language in R.C. 2929.41(A) to achieve the end that could have been accomplished by *notifying the defendant of the specific prison term to be imposed upon him if he were to violate the community control sanction*. See R.C. 2929.19(B)(5)" *Id.* at 16. (Emphasis Added).

{¶ 35} The Supreme Court further stated: "Nevertheless, we reiterate that our decision today does not limit the authority of the trial court to impose consecutive prison sentences under R.C. 2929.14(E), which the General Assembly expressly provided as an exception to the general rule in R.C. 2929.41(A) that sentences of imprisonment shall run concurrently." *Id.* at ¶ 18. R.C. 2929.14(E) was the former statute for the exception now found in R.C. 2929.14(C)(4). See *State v. Marino*, 4th Dist. Washington No. 11CA36, 2013-Ohio-113, f.n. 1. Examining *Barnhouse*, R.C. 2929.41(A), and R.C. 2929.14(C)(4), there is nothing that explicitly prevents a trial court from imposing consecutive sentences under R.C. 2929.14(C)(4) for multiple violations of community control sanctions as long as the notification requirements in

R.C. 2929.14(B) are properly followed. Therefore, our next step is to evaluate the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4).

{¶ 36} R.C. 2929.14(C)(4) sets forth certain findings that a trial court must make prior to imposing consecutive sentences. *State v. Black*, 4th Dist. Ross No. 12CA3327, 2013-Ohio-2105, ¶¶ 56-57. That is, under Ohio law, unless the sentencing court makes the required findings set forth in R.C. 2929.14(C)(4), there is a requirement that sentences are to run concurrently. *Black* at ¶ 56; R.C. 2929.41(A).

{¶ 37} Under R.C. 2929.14(C)(4), a sentencing court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Black* at ¶ 57; *State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 64; *State v. Howze*, 10th Dist. Franklin Nos. 13AP-386 & 13AP-387, 2013-Ohio-4800, ¶ 18. Specifically, the sentencing court must find that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

offenses committed as part of any of the courses of conduct adequately reflects

the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 38} The Supreme Court of Ohio recently settled the issue of when and where the trial

court must state the required findings in order to sentence an offender to consecutive sentences:

When imposing consecutive sentences, a trial court must state the required

findings as part of the sentencing hearing, and by doing so it affords notice to the

offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court

speaks through it journal, *State v. Brooks*, 113 Ohio St.3d 199, 2007-Ohio-1533,

863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings in

the sentencing entry.

*State v. Bonnell*, Slip Opinion, No. 2014-Ohio-3177, ¶ 29.

While the sentencing court is required to make these findings, it is not required to give reasons

explaining the findings. *Id*. at ¶ 27; *Howze* at ¶ 18; *State v. Stamper,* 12th Dist. Butler No.

CA201208166, 2013-Ohio-5669, ¶ 23. Furthermore, the sentencing court is not required to recite

"a word-for-word recitation of the language of the statute." *Bonnell* at 29. "[A]s long as the

reviewing court can discern that the trial court engaged in the correct analysis and can determine

that the record contains evidence to support the findings, consecutive sentences should be

upheld." *Id.* A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive

sentence contrary to law. *Bonnell* at ¶ 34; *Stamper* at ¶ 23; *State v. Nia,* 8th Dist. Cuyahoga No.

99387, 2013–Ohio–5424, ¶ 22. The findings required by the statute must be separate and distinct

findings; in addition to any findings relating to the purposes and goals of criminal sentencing. *Nia* at ¶ 22.

{¶ 39} Here, a review of the February 5, 2013 sentencing hearing transcript reveals that the trial court failed to make any of the required findings. As a result, we find the imposition of consecutive sentences without making the necessary findings to be contrary to law. *Bonnell*, *supra*, at ¶ 34. We hereby vacate the portion of the trial court's judgment imposing consecutive sentences and remand this matter to the trial court for resentencing. *Id.*; *see also State v. Corker*, 10th Dist. Franklin Nos. 3AP-264, 13AP-265, & 13AP-266, 2013-Ohio-5446, ¶ 38 ("[W]hen the trial court fails to articulate the appropriate findings required by R.C. 2929.14(C)(4), the case is to be remanded for the trial judge to consider whether consecutive sentences are appropriate under [R.C. 2929.14(C)(4)] and, if so, to enter the proper findings on the record."). The remainder of the trial court's judgment is affirmed.

JUDGMENT AFFIRMED IN PART & REVERSED IN PART.

Athens App. No. 13CA8                                                    18

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART. Appellant and Appellee shall equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion.

For the Court

By:_____
Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.