[Cite as *Parma v. Brown*, 2016-Ohio-7963.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104219

## CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

## ERIC S. BROWN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Parma Municipal Court
Case No. 16 TRD 01277

**BEFORE:** Jones, A.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**FOR APPELLANT**

Eric Brown, pro se
2915 Russell Avenue
Parma, Ohio 44134


**ATTORNEYS FOR APPELLEE**

Timothy G. Dobeck
Parma Law Director
6611 Ridge Road
Parma, Ohio 44129

BY: John Spellacy
Assistant City Prosecutor
5555 Powers Boulevard
Parma, Ohio 44129

LARRY A. JONES, SR., A.J.:

{¶1} In this accelerated appeal under App.R. 11.1 and Loc.App.R. 11.1, defendant-appellant Eric S. Brown ("Brown"), appeals, pro se, his traffic ticket for driving left of center. We affirm.

{¶2} In January 2016, Parma Patrolman Thomas Kuchler issued Brown a citation for passing left of center, a violation of Parma Codified Ordinances 331.05. On February 18, 2016, Brown filed a timely demand for discovery pursuant to Crim.R. 16. He also moved to dismiss his case, arguing that the traffic ticket was insufficient to institute a case against him. On March 1, 2016, Brown again moved to dismiss his case arguing the prosecutor had yet to comply with his demand for discovery. The trial court denied his motions and proceeded to trial that same day. The trial court found Brown guilty, fined him $100, and suspended $50 of the fine.

{¶3} Brown filed a notice of appeal. In his original brief on appeal, Brown argued in his sole assignment of error that the trial court erred in denying his pre- and post-trial motions. This court sua sponte struck his brief pursuant to App.R. 16. Brown subsequently filed an amended appellate brief in which he raised two assignments of error. His first assignment of error again challenged the trial court's denial of his of pre- and post-trial motions. His second assignment of error reads: "Trial court erred in adopting Judge['s] decision." Although the appellate rules do not allow parties to file conforming briefs that add assignments of error once a brief has been struck under App.R. 16, we will consider Brown's assignments of error as his second assigned error essentially makes the same argument as his first assigned error.

{¶4} In his assigned errors, Brown argues that the trial court's decision should be reversed because the city violated Crim.R. 16. Crim.R. 16 governs discovery and applies to proceedings for traffic violations. *See* Traf.R. 11(B)(2)(b). Traf.R. 11 provides that requests and motions for discovery under Crim.R. 16 must be made before trial. Traf.R. 11(B)(2)(b). A defendant may, "in order to raise objections prior to trial under subsection (B)(2), request notice of the prosecuting attorney's intention to use evidence in chief at trial, which evidence the defendant is entitled to discover under Criminal Rule 16." Traf.R. 11(D).

{¶5} Pursuant to Crim.R. 16(B)(1)-(5), Brown requested the following discovery: any statements he had made; his prior record; documents and tangible objects; reports of examinations and tests; witness names and addresses; and any evidence favorable to him. The city argues that it provided all discovery to Brown during a pretrial — the traffic ticket was the city's only exhibit and Patrolman Kuchler its only witness. While that may be the case, the docket does not reflect that the city responded to Brown's discovery request. Crim.R. 16's mandates are not discretionary even in minor traffic offense cases; because Crim.R. 16 applies to proceedings for traffic violations and states that the prosecuting attorney "shall" provide discovery, its mandates are just that — mandatory.

{¶6} While there may have been some on-the-record discussion among the court and parties with regard to discovery prior to trial, we are not privy to such communication because Brown failed to file a transcript or an App.R. 9(C) statement of proceedings. The duty to provide a transcript for appellate review falls upon the appellant. *State v.*

*Haley*, 1st Dist. Hamilton No. C-150748, 2016 Ohio App. LEXIS 3525, 2 (Sept. 2, 2016), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). In April 2016, Brown filed a motion with this court stating that the trial court's court reporter informed him that no transcript was available, so he intended to file a statement of proceedings under App.R. 9(C). App.R. 9(C) provides:

> If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

{¶7} As mentioned, Brown indicated to this court that he was pursuing an App.R. 9(C) statement of proceedings. This court gave him until May 6, 2016, to complete the record; however, Brown failed to file a statement with this court nor did he seek any further extensions of time in which to complete the record. On May 13, 2016, this court ruled that the appeal would proceed on the App.R. 9(A) trial court record without the App.R. 9(C) statement.

{¶8} During oral argument, the parties discussed that they dealt with the discovery issue with the trial court on the day of trial. But because there was no transcript or App.R. 9(C) statement of proceedings filed with this court, we do not know the content of

that discussion. What was discussed among the court and the parties about the discovery issue is clearly germane to this appeal. And because it is incumbent upon the appellant to provide this court with either the transcript or App.R. 9(C) statement, we must presume regularity. *See Haley* at *id.*; *State v. McClintock*, 4th Dist. Meigs No. 13CA4, 2013-Ohio-5598, ¶ 13.

{¶9} It bears mentioning, however, that the city admitted at oral argument that it often responds to written discovery requests with oral discovery responses during pretrials, and it claims that it did so in this case. Again, the docket does not indicate that the city provided discovery to Brown. To avoid just this sort of problem in the future, the best practice would be for the city to respond to a party's discovery demand in writing or to make sure that the case docket indicates that discovery was provided, if done so orally, during a pretrial.

{¶10} Although the city was obligated to respond to Brown's discovery request and the docket does not indicate that it complied, and because the record does not include a transcript or App.R. 9(C) statement of proceedings, we are unable to review the merits of Brown's arguments. Therefore, we find that the trial court did not abuse its discretion in denying Brown's motions.

{¶11} The assignments of error are overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
FRANK D.CELEBREZZE, JR., J., CONCUR