[Cite as *State v. Mercado*, 2022-Ohio-405.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

  Appellee

v.

William T. Mercado, Jr.

  Appellant

Court of Appeals No. WD-21-029
WD-21-030

Trial Court No. 2020CR0580
2020CR0207

**DECISION AND JUDGMENT**

Decided: February 11, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant

* * * * *

**DUHART, J.**

{¶ 1} This consolidated case is before the court on appeal by appellant, William

Mercado, Jr., from two judgments of the Wood County Common Pleas Court, both

journalized on April 15, 2021. For the reasons that follow, we affirm.

**Assignments of Error**

{¶ 2} Appellant's Consecutive Sentences Are Contrary to Law.

## Background

{¶ 3} Appellant is appealing orders issued the same day under two separate case numbers in the Wood County Common Pleas Court.

{¶ 4} In the first case, trial court case number 2020-CR-207, appellant pled guilty to one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree. He was sentenced on September 11, 2020, to three years of community control.

{¶ 5} On December 22, 2020, appellant was charged in Tiffin-Fostoria Municipal Court with burglary in violation of R.C. 2911.12(B). Based upon this charge, the state filed a petition seeking revocation of appellant's community control in case number 2020-CR-207.

{¶ 6} In the second case at issue here, trial court case number 2020-CR-580, appellant was indicted on one count of trespass in a habitation in violation of R.C. 2911.12(B) and (E), a felony of the fourth degree. Appellant initially pled not guilty, but on April 13, 2021, he changed his plea to guilty to an amended charge of attempted trespass in a habitation in violation of R.C. 2923.02 and R.C. 2911.12(B) and (E), a felony of the fifth degree.

{¶ 7} Also on April 13, 2021, appellant admitted to the community control violation in case number 2020-CR-207 and was sentenced in both cases. Appellant was sentenced to 18 months with regard to case number 2020-CR-207, and 12 months with

2.

respect to case number 2020-CR-580. These sentences were ordered to be served consecutively and were set forth in two judgment entries journalized on April 15, 2021.

{¶ 8} Appellant appealed both judgments. Case number 2020-CR-590 was appealed under this case number, and case number 2020-CR-207 was originally filed under appellate case number WD-21-030, but both have been consolidated under the current case number.

**Analysis**

{¶ 9} Appellant challenges the trial court's imposition of consecutive sentences.

{¶ 10} We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875, ¶ 7. R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence that the sentence is contrary to law.

{¶ 11} Appellant contends that his consecutive sentences are contrary to law.

{¶ 12} Pursuant to R.C. 2929.41(A), a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment unless an applicable exception applies. The exception at issue in the present case is found in R.C. 2929.14(C)(4), which reads as follows:

If multiple prison terms are imposed on an offender for convictions of

multiple *offenses*, the court may require the offender to serve the prison

3.

terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.)[1]

---

[1] The trial court found that consecutive sentences were warranted pursuant to R.C. 2929.14(C)(4)(a) and (c).

{¶ 13} Appellant argues that the term "offense" as used in R.C. 2929.14(C)(4) is unambiguous and a community control violation is not an "offense" under that statute. Therefore, appellant maintains that a sentence for a community control violation cannot be imposed consecutive to a sentence for a new offense committed by the offender. In support, appellant cites to *Walden v. State,* 47 Ohio St.3d 47, 50, 547 N.E.2d 962 (1989) which stated that the words "crime" and "offense" are synonymous, and case law which concluded that penalties for community control violations are punishments for that violation, not the original offense. Appellant also cites to R.C. 2929.15, which sets forth the procedure for sentencing an offender to community control sanctions. Appellant points out that while R.C. 2929.15 references R.C. 2929.14 for other purposes, it does not refer to subsection (C) for any purpose.

{¶ 14} The state counters that it is commonplace in Ohio for a sentence for a community control violation to be consecutive to another sentence for a new offense committed by the offender and that appellate courts in Ohio, including this court, have consistently permitted a court "sentencing second in time [to] impose a sentence that is to be served consecutively with a previously imposed prison term that resulted from a community control violation." The state also cites to cases for the proposition that courts should not interpret a statute to "yield an absurd result."

{¶ 15} In considering the meaning of "offense" under R.C. 2929.14(C)(4), the law requires us to apply the plain and unambiguous language of a statute. *Toledo v. Corr.*

*Commission of Northwest Ohio*, 6th Dist. Lucas No. L-16-1155, 2017-Ohio-9149, 103 N.E.3d 209, ¶ 42. While appellant has argued that the term "offense" in R.C. 2929.14(C)(4) is unambiguous and does not include violations of community control, we do not find "offense," as used in R.C. 2929.14(C)(4), unambiguously excludes violations of community control sanctions. Nor do we find appellant's other arguments support such a finding.

{¶ 16} We first note that the cases cited by appellant regarding the definition of "offense" did not consider specifically whether a community control violation is an offense for purposes of R.C. 2929.14(C)(4). For instance, appellant cites to statements in *State v. Hart*, 4th Dist. Athens No. 13CA8, 2014-Ohio-3733, that a penalty for a violation of community control is a punishment for that violation, not the original offense and that "when the defendant violates community control, the court imposes an appropriate sanction for that misconduct, but not for the original or underlying crime." *Id.* at ¶ 22 - 23, quoting *State v. Beverly*, 4th Dist. Ross No. 01CA2603, 2002 WL 59643, *3 (Jan. 11, 2002). However, this language does not preclude a violation of community control from being considered an "offense," and, in fact, the use of the word "original" before the word "offense" arguably weighs against such an interpretation. More importantly, that language was not used in the context of determining whether sanctions for violations of community control could be ordered to be served consecutively under R.C. 2929.14(C)(4). With respect to that issue, similar to this case, Hart argued that "the trial

6.

court cannot order a prison sentence for a violation of community control to run consecutively to any other sentence *** [because] pursuant to R.C. 2929.14(C)(4), consecutive sentences may only be imposed for ' * * *convictions of multiple offenses.'" *Id.* at ¶ 25. However, the court in *Hart* stated that "there is nothing that explicitly prevents a trial court from imposing consecutive sentences under R.C. 2929.14(C)(4) for multiple violations of community control sanctions as long as the notification requirements in R.C. 2929.14(B) are properly followed." *Id* at ¶ 35. The court then found that the trial court had not made the findings required by R.C. 2929.14(C)(4) and remanded the case back to the trial court for resentencing.

{¶ 17} Also contrary to appellant's argument, appellate courts throughout the state have affirmed consecutive sentences when at least one of the sentences which runs consecutively was imposed for a violation of community control. Although courts find issue with other aspects of the sentencing, such as failure to make necessary findings, or whether it is proper for the original sentencing court to sentence to consecutive sentences[2] there seems a consensus that violations of community control can be consecutive to other sentences if the appropriate findings are made.[3] *See, e.g. State v. Hart*, 6th Dist. Lucas No. L-18-1204, 2019-Ohio-3926, ¶ 10, *State v. Lumford*, 2d Dist.

---

[2] Appellant had not raised any of these issues here.
[3] Although appellant's argument focuses on whether a sanction for a community control violation can be served consecutively to a new offense, as appellant's argument is based upon whether a sanction for a community control violation is an "offense," we find it immaterial whether the sanction for community control is to be run consecutive to a new offense or another sanction for a community control violation.

Clark Nos. 2017-CA-71 and 2017-CA-72, 2018-Ohio-1949, ¶ 14, *State v. Jones*, 152 N.E.3d 865, 2020-Ohio-762, ¶ 33 (7th Dist.) and *State v. Rose*, 12th Dist. Warren No. CA2019-05-054, 2020-Ohio-3605, ¶ 11.

{¶ 18} The Ohio Supreme Court case of *State v. Howard¸* 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, also supports the conclusion that a court can sentence a defendant to serve a sentence for a violation of community control consecutively to another sentence under R.C. 2929.14(C)(4).  There, it was found that a court was obligated to make the consecutive sentence findings required by R.C. 2929.14(C)(4) at the time it revoked community control and imposed consecutive sentences.  Although the exact issue as to whether a sentence for a community control violation constitutes an offense for purposes of R.C. 2929.14(C)(4) was not before the court, the court referred to the community control violations as "offenses" in the context of R.C. 2929.14(C)(4).

{¶ 19} In *Howard¸* Howard was initially sentenced to community control as a result of convictions in the same case of importuning and attempted unlawful sexual conduct with a minor.  At sentencing, Howard was notified that a violation would result in two sentences that would be served consecutively.  When Howard violated his community control by failing to complete a mental-health treatment program and by viewing prohibited videos and magazines, the trial court imposed a prison sentence of 17 months for the attempted unlawful sexual conduct conviction and 11 months for the importuning conviction, to be served consecutively.  Howard appealed, in part arguing

8.

that the trial court had failed to make the findings required for consecutive sentences under R.C. 2929.14(C)(4). The sentences were affirmed by the appellate court, and accepted for review by the Ohio Supreme Court. Although the Ohio Supreme Court ultimately reversed the sentences on the basis that the court had not made the necessary findings required by R.C. 2929.14(C)(4), the court first pointed out that "R.C. 2929.14(C)(4) permits a trial court to impose consecutive prison terms on an offender '[i]f multiple prison terms are imposed * * * for convictions of multiple offenses,' provided that the court makes certain findings required under the statute." *Id*. at ¶ 23. The Ohio Supreme Court then found that, since the trial court had "chosen to impose a prison term for *multiple offenses* after revoking Howard's community control, R.C. 2929.14(C)(4) required the court to make the required consecutive-sentences findings at that time." (Emphasis added.) *Id*. at ¶ 25.

{¶ 20} We also do not find that the fact that R.C. 2929.15 does not specifically refer to R.C. 2929.14(C) signifies that the General Assembly did not intend for it to apply to community control violations. Although R.C. 2929.14(C) is not expressly mentioned it is also not excluded from the general requirement found in R.C. 2929.15(B)(1)(c) that a prison term can be imposed on an offender who violates community control in the manner set forth in R.C. 2929.14. In fact, R.C. 2929.15(B)(1) states that if the conditions of community control are violated, or if the offender violates a law, the court may impose a prison term on the offender pursuant to R.C. 2929.14, which would include R.C.

2929.14(C). R.C. 2929.14(C)(4) then permits consecutive sentences, if certain findings are made, when multiple prison terms are imposed on an offender for convictions of multiple offenses. *See State v. Maines*, 12th Dist. Warren Nos. CA2019-09-088, CA2019-09-089, CA2019-09-090, CA2019-09-095, CA2019-09-097, CA2019-09-098, 2020-Ohio-3502, ¶ 13. ("'R.C. 2929.15(B)(1)(c) plainly provides that when a prison term is imposed as a penalty for a community control violation, a sentencing court must do so in compliance with R.C. 2929.14.' R.C. 2929.14 permits the imposition of consecutive prison terms in subdivision (C) upon certain findings being made by the trial court. As long as the R.C. 2929.14(C)(4) findings are made, prison terms imposed as penalties for violation of community control in separate cases may be ordered to be served consecutively." (Citation omitted.))

{¶ 21} For these reasons, we find appellant's assignment of error not well-taken. The judgments of the Wood County Common Pleas Court are affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
Myron C. Duhart, P.J.                    JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.