[Cite as *State v. Hite*, 2018-Ohio-998.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1048

      Appellee                              Trial Court No. CR0201602803

v.

Christina Hite                                  **DECISION AND JUDGMENT**

      Appellant                            Decided:  March 16, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Khaled Elwardany, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Christina M. Hite, appeals her sentence from the February 10, 2017 judgment of the Lucas County Court of Common Pleas, in which she was sentenced to 18 months incarceration for attempted compelling prostitution in violation of R.C. 2907.21(A)(2)(a) and (c), and R.C. 2923.02, a felony of the fourth degree.  Finding no error, we affirm.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

> ASSIGNMENT OF ERROR:
>
> APPELLANT'S SENTENCE SHOULD BE VACATED
>
> DUE TO THE TRIAL COURT'S FAILURE TO COMPLY WITH
>
> R.C. 2929.11 AND R.C. 2929.12.

## Background

{¶ 3} On September 20, 2016, the Northwest Ohio Violent Crimes Against Children Task Force (the task force) was made aware that a minor the age of 14 (the minor) was working as an escort. An undercover operation was set in place by the task force, who searched a website and found the minor's provided contact information.

{¶ 4} The task force called and reached appellant's phone. Appellant answered and allowed the minor to speak for herself in arranging a meeting with the task force agent. At the meeting place, appellant arrived with the minor and engaged in conversation with the agent. Appellant offered herself in addition to the minor. The agent declined appellant's offer, but left with the minor. The agent and minor were then pulled over by a uniformed police officer, and the minor was apprehended.

{¶ 5} Meanwhile, appellant returned to her apartment. On September 29, 2016, an indictment was filed and a warrant was issued for appellant's arrest. Appellant was arrested on October 5, 2016, and was charged with compelling prostitution in violation of R.C. 2907.21(A)(2)(a) and (c), a felony of the third degree.

2.

**{¶ 6}** On January 23, 2017, appellant pled guilty to the lesser charge of attempted compelling prostitution.  At the hearing, appellant signed and submitted an agreement reflecting the plea deal, and the record reflects the trial court proceeded with its colloquy under Crim.R. 11.

**{¶ 7}** Appellant admitted to the offense.  More specifically, the trial court asked appellant why she was pleading guilty to the charge, to which she replied: "Because I am guilty."  The trial court accepted the plea, found appellant guilty, ordered a presentence investigation, and set the date for sentencing.

**{¶ 8}** At the February 8, 2017 sentencing hearing, appellant was sentenced to 18 months incarceration, 5 years postrelease control, 25 years of registration as a sex offender, and imposition of court costs.  The court stated in open court and in its entry that it considered the sentencing criteria and applicable statutes.  The entry was journalized February 10, 2017, and appellant now timely appeals.

## Legal Analysis

**{¶ 9}** In her sole assigned error, appellant argues the trial court erred in imposing the maximum sentence.  Appellee contends the record supports the sentence under the relevant statutes, and that the sentence is not contrary to law.

**{¶ 10}** We review felony sentences under a two-prong approach.  R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

3.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 11} *See State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 12} A sentence is not contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, and imposes a sentence within the statutory range. *See State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

{¶ 13} Pursuant to R.C. 2929.14(A)(4), the statutory sentencing range for a fourth-degree felony is between 6 and 18 months.

{¶ 14} Here, appellant was sentenced to a prison term of 18 months for her attempted compelling prostitution conviction. This prison term is within the permissible range. *See* R.C. 2929.14(A)(4).

{¶ 15} R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." In order to comply with R.C. 2929.11, a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the

4.

seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B).

{¶ 16} In carrying out its obligations to impose a sentence consistent with the purposes and principles of sentencing, the trial court must weigh the factors indicating that the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12(B) against those factors indicating that the offender's conduct is less serious than conduct normally constituting the offense under R.C. 2929.12(C). Further, the court must weigh the factors contained in R.C. 2929.12(D) indicating the likelihood that the offender will commit future crimes against the factors contained in R.C. 2929.12(E) indicating that the offender is not likely to commit future crimes.

{¶ 17} We further note that a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Thebeau*, 6th Dist. Ottawa No. OT-14-017, 2014-Ohio-5598, ¶ 16.

{¶ 18} Here, the trial court stated in open court that it considered R.C. 2929.11 and 2929.12, as follows:

> The court has considered the record, oral statements, victim impact statement and PSI, as well as the overriding principles and purposes of sentencing under 2929.11, and the seriousness, recidivism and other factors under 2929.12.* * *

5.

The court further finds [appellant] is not amenable to community control and that prison is consistent with the purposes of 2929.11, further finding that this is in fact a sex offense for which [appellant] has been classified a Tier II sex offender.

{¶ 19} The February 10, 2017 sentencing entry also states: "[t]his court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12."

{¶ 20} In light of the statements at the hearing, as well as the language contained in the sentencing entry, we conclude that the trial court complied with its obligations under R.C. 2929.11 and 2929.12.

{¶ 21} Lastly, we find the sentence imposed was supported in the record.

{¶ 22} R.C. 2907.21(A)(2)(a) provides that "[n]o person shall knowingly* * *[i]nduce, procure, encourage, solicit, request, or otherwise facilitate* * *[a] minor to engage in sexual activity for hire, whether or not the offender knows the age of the minor[.]"

{¶ 23} Here, the record reveals appellant admitted through her own or her counsel's statements that she often provided not only the phone for the 14-year-old minor to be contacted, but also that she provided transportation and a location for the minor to engage in such crimes. She confirmed these acts were due to her ongoing addiction to prescription pills and cocaine. She also stated that she wanted to take "full

6.

responsibility" for the actions which led to her charge. The trial court responded stating that in order for appellant to take full responsibility she would be sentenced to the maximum term. Based on our review, we cannot say the trial court erred in this regard.

{¶ 24} Accordingly, factoring in the above statements, findings, and expressed considerations, we hold the record supports the imposed sentence and that the imposed sentence is not contrary to law. The sole assignment of error is not well-taken.

## Conclusion

{¶ 25} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE