[Cite as *State v. Ghazi*, 2019-Ohio-339.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2018-03-023 |
| | | CA2018-04-045 |
| Appellee, | : | |
| | | O P I N I O N |
| | : | 2/4/2019 |
| - vs - | : | |
| | : | |
| AHMED GHAZI, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 07CR24075


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, OH 45036, for appellee

Jeffrey W. Stueve, 301 East Silver Street, Lebanon, OH 45036, for appellant


**M. POWELL, J.**

{¶ 1} Appellant, Ahmed Ghazi, appeals the consecutive prison sentence imposed by the Warren County Court of Common Pleas.

{¶ 2} On March 5, 2007, Ghazi was indicted in Case No. 07CR24039 on one count of aggravated trafficking in drugs and one count of illegal assembly or possession of chemicals for the manufacture of drugs. On March 19, 2007, Ghazi was indicted in Case

No. 07CR24075 on one count of aggravated trafficking in drugs and one count of illegal assembly or possession of chemicals for the manufacture of drugs.

{¶ 3} The charges arose from three transactions between Ghazi and D.A., an undercover officer of the Warren County Drug Task Force. On November 28, 2006, D.A. met with Ghazi at a gas station in Franklin, Ohio to purchase a quarter ounce of methamphetamine and to discuss purchasing bulk amounts of pseudoephedrine to manufacture methamphetamine. While Ghazi did not have pseudoephedrine available for D.A. to purchase at that time, Ghazi did sell D.A. 6.93 grams of crystal methamphetamine for $500.

{¶ 4} Thereafter, D.A. and Ghazi discussed future purchases of pseudoephedrine. On December 4, 2006, D.A. and Ghazi met again at the Franklin gas station where D.A. purchased 432 tablets of pseudoephedrine for $600.

{¶ 5} On March 12, 2007, D.A. and Ghazi met at the Franklin gas station for a third time, where D.A. purchased 31.38 grams of crystal methamphetamine for $6,500, as well as pseudoephedrine. During the March 12, 2007 meeting, D.A. and Ghazi discussed additional future purchases of methamphetamine and pseudoephedrine.

{¶ 6} After his indictment in March 2007, Ghazi was released on bond. While released, Ghazi absconded to the Middle East. In 2016, nine years after leaving the United States, Ghazi returned to Warren County and surrendered to the authorities.

{¶ 7} In December 2016 Ghazi pled no contest to the charges in the indictments, and the trial court found him guilty on all counts. In Case No. 24075, the trial court sentenced Ghazi to a four-year mandatory prison term for the Aggravated Trafficking charge and a 36-month prison term for the Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs charge. These prison terms were ordered to be served

concurrently. In Case No. 24039, the trial court sentenced Ghazi to an 18-month prison term for the Aggravated Trafficking charge, to be served consecutively to the prison terms imposed in Case No. 24075, and a 36-month prison term for the Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs charge, to be served concurrently to the prison terms imposed in Case No. 24075. In all, the trial court sentenced Ghazi to an aggregate prison term of five years and six months.

{¶ 8} On appeal, we reversed Ghazi's sentence because the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) for imposing consecutive sentences. *State v. Ghazi*, 12th Dist. Warren Nos. CA2017-04-048 and CA2017-04-50 (December 4, 2017) (Accelerated Calendar Judgment Entry).

{¶ 9} On January 31, 2018, the trial court held a resentencing hearing. Upon considering the statements made by counsel and Ghazi at the resentencing hearing, the presentence-investigative report ("PSI"), the purposes and the principles of sentencing, the relevant seriousness and recidivism factors, and the sentencing memorandum, the trial court reimposed the original aggregate prison term of five years and six months.

{¶ 10} Ghazi now appeals, raising one assignment of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES.

{¶ 13} In his sole assignment of error, Ghazi argues the trial court erred in imposing consecutive sentences because the imposition of consecutive prison terms is not supported by the record.

{¶ 14} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the

sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28.

{¶ 15} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 16} "In order to impose consecutive terms of imprisonment, a trial court is required

to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *Bonnell* at ¶ 37. A trial court is not required to articulate reasons supporting its statutory findings and need not provide a word-for-word recitation of the statutory language to satisfy its requirement for imposing consecutive sentences. *State v. Alhashimi*, 12th Dist. Warren Nos. CA2016-07-065 and CA2017-07-066, 2017-Ohio-7658, ¶ 67, citing *State v. Childers*, 12th Dist. Warren No. CA2014-02-034, 2014-Ohio-4895, ¶ 31. "Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings." *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 12.

{¶ 17} After a review of the record, we find no error in the trial court's decision to impose consecutive sentences. The record reflects that Ghazi's sentences are not clearly and convincingly contrary to law because the trial court sentenced Ghazi within the permissible statutory range, after considering the PSI, the purposes and principles of sentencing, and the relevant seriousness and recidivism factors.

{¶ 18} We also find no error with the trial court's determination that Ghazi's conduct demonstrates a pattern or course of conduct. Specifically, Ghazi engaged in multiple transactions, involving large quantities of crystal methamphetamine and pseudoephedrine. Although these charges stem from Ghazi's transactions with one individual, D.A., the record indicates that these transactions occurred on separate occasions, over the course of several months, and that Ghazi invited D.A. to engage in future transactions. Therefore, we find no error in the trial court's finding that Ghazi engaged in a course of conduct.

{¶ 19} Furthermore, we find the record adequately supports the trial court's finding that the harm caused by the offenses was so great and unusual that no single prison term adequately reflects the seriousness of Ghazi's conduct. Prior to imposing consecutive

sentences, the trial court discussed the seriousness of Ghazi's conduct. Ghazi admittedly turned to selling crystal methamphetamine and pseudoephedrine when he experienced financial trouble. Ghazi articulated he engaged in such acts because he needed the money and his business was failing, circumstances that seemingly could reoccur in the future. The trial court noted that it was most bothered by the detail provided by D.A. regarding the transactions, "and the quality of the illegal drugs [Ghazi was] producing and selling." It further noted that Ghazi's reasons for wanting to get this matter resolved "don't particularly ring true with the [trial] Court at this time." The trial court explained that while Ghazi spent nearly 10 years "trying to run from this[,]" his current position was not to take ownership or responsibility for his actions, but to blame the drug task force for the misunderstanding.

{¶ 20} In light of these facts, the trial court decided to impose consecutive sentences. In accordance with R.C. 2929.14(C)(4), the trial court made specific findings before ordering Ghazi's sentences to run consecutively. Specifically, the trial court stated:

> I also make a finding that consecutive sentences in this case are necessary in order to punish you and to protect the public from you and your future crime. It is not disproportionate to the conduct or the danger posed by you, Mr. Ghazi, in this case.

> And I also find that there was a pattern here, a course of conduct, and the harm caused by you was so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct that you committed.

The trial court memorialized these findings in its sentencing entry.

{¶ 21} In light of the foregoing, we find that the record adequately supports the trial court's determination that imposing consecutive sentences is commensurate with the seriousness of Ghazi's conduct, necessary to punish Ghazi, and necessary to protect the public. We also find the trial court made the findings mandated by R.C. 2929.14(C)(4) at the resentencing hearing and incorporated those findings into its sentencing entry.

Therefore, the trial court did not err in imposing consecutive sentences and Ghazi's assignment of error is overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.