[Cite as *State v. Hart*, 2019-Ohio-3926.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                       Court of Appeals No. L-18-1204

      Appellee                                    Trial Court No. CR0201501283

v.

Adam Hart                                          **DECISION AND JUDGMENT**

      Appellant                                   Decided:  September 27, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Adam Hart, appeals from the August 23, 2018 judgment of the

Lucas County Court of Common Pleas, revoking appellant's community control sanction

imposed June 10, 2016, and sentencing him to four 3-year terms of imprisonment, to be

served consecutively, for an aggregate term of 12 years in prison. For the reasons which follow, we affirm. On appeal, appellant asserts the following single assignment of error:

> The trial court did not comply with R.C. 2929.11 and R.C. 2929.12 in sentencing appellant to serve a term of twelve years in the Ohio Department of Rehabilitation and Corrections.

{¶ 2} On May 1, 2015, the trial court convicted appellant, following acceptance of his guilty plea, to four counts of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. Appellant was sentenced to a three-year prison term for Count 1 and to five years of community control for Counts 2, 3, and 4. Appellant was notified that violation of the community control sanctions could lead to imposition of a prison term of "twelve years."[1]

{¶ 3} On June 13, 2016, the trial court granted appellant's motion for judicial release pursuant to R.C. 2929.20(J)(1) and (K) and imposed three years of community control on Count 1 with conditions that nearly mirrored that of the conditions previously imposed for Counts 2, 3, and 4. Appellant was notified that if he violated the terms of community control, the court could reimpose the reduced sentence pursuant to R.C. 2929.20(K).

---

[1] We note that the trial court erroneously indicated the specific ceiling prison term would be 12 years but this included the 3-year prison term imposed for Count 1. The error, however, is eliminated after appellant is granted judicial release on Count 1 and given a community control sanction.

2.

{¶ 4} From the period appellant was released to his most recent violation, appellant was found non-compliant 12 times and the trial court imposed additional sanctions with respect to four violations. At appellant's most recent community control violation hearing on August 23, 2018, appellant admitted to using illicit substances, not refraining from further criminal activity, not reporting to police contact within 48 hours, and not adhering to the Lucas County Drug Court curfew. On August 24, 2018, the court revoked appellant's four community control sanctions and resentenced appellant to impose three-year terms of imprisonment on all four counts, to be served consecutively, for a total of 12 years of imprisonment, with credit for time already served.

{¶ 5} On appeal, appellant argues the court imposed the sanction for the community control violation without consideration of the requirements of R.C. 2929.11 and 2929.12, because the court focused on his history of violating the terms of his community control without consideration of any mitigating factors. Appellant acknowledged that he was an addict and that the underlying conviction on his most recent violation was a misdemeanor not a felony, and asserts his recent criminal behavior reinforces the notion that "appellant is still in need of treatment for his substance abuse and, likely, mental health issues."

{¶ 6} The imposition of a penalty for violation of a community control sanction is controlled by R.C. 2929.15(B). A second sentencing hearing is required, at which "the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 11,

3.

quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, ¶ 35. A trial court exercises its discretion in deciding the penalty to impose for a violation of community control. R.C. 2929.15(B)(1); *State v. Diehl*, 6th Dist. Wood No. WD-18-041, 2019-Ohio-3818.

{¶ 7} Because the penalty is a new felony sentence, we review the sentence pursuant to R.C. 2953.08(G)(2). *Id.* Relevant to an appeal of a penalty imposed for a community control violation, R.C. 2953.08(G) provides that

> we may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under [R.C. 2929.13 (B) or (D), 2929.14(B)(2)(e) or (C)(4), 2929.20(I)], whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 8} In determining whether a sentence is clearly and convincingly contrary to law, the appellate court must ensure that the trial court has adhered to all applicable

4.

rules and statutes in imposing the sentence. *See State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14; *State v, Borden*, 6th Dist. Wood No. WD-18-015, 2019-Ohio-424, ¶ 13-14; *State v. Hite*, 6th Dist. Lucas No. L-17-1048, 2018-Ohio-998, ¶ 12.

{¶ 9} The trial court has discretion to continue the community control sanction, impose a more restrictive sanction, or impose a prison term as a penalty. R.C. 2929.15(B)(1). In exercising its discretion, the trial court must "consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20.

{¶ 10} If a prison term is imposed, the trial court must impose a term within the statutory range set forth in R.C. 2929.14. R.C. 2929.15(B)(1)(c) and (3). Furthermore, the term can be no greater than the ceiling term specified in the notice given at the original sentencing hearing as the term the court could impose for a violation of community control. R.C. 2929.15(B)(3); *Brooks* at ¶ 21-23. Finally, if the trial court imposes consecutive penalties for the violation of multiple community control sanctions, the court must comply with R.C. 2929.14(C)(4).

{¶ 11} R.C. 2929.14(A)(2) provides that the statutory sentencing range for a second-degree felony is two-to-eight years. At appellant's original sentencing hearing and at the judicial release hearing, appellant was notified that if he violated his community control sanction, the court could impose three-year prison terms for each

5.

offense to be served consecutively, for a total prison term up to 12 years. Accordingly, appellant was properly notified of the specific prison terms that could be imposed for violating his terms of community control.

{¶ 12} We further note that a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Bonner*, 6th Dist. Erie No. E-17-043, 2018-Ohio-3083, ¶ 51; *State v. Thebeau*, 6th Dist. Ottawa No. OT-14-017, 2014-Ohio-5598, ¶ 16. In the case before us, the court expressly stated at the hearing on the violations of the community control sanctions that prior to sentencing, it had considered:

> the record, oral statements, any victim impact statement, the [pre-sentence
> investigation] prepared, also the letter received, as well as the principles
> and purposes of sentencing, [sic] has balanced the seriousness and
> recidivism factors.

The sentencing entry reflects the same considerations, specifically noting that the principles and purposes of sentencing are set forth in R.C. 2929.11 and the seriousness and recidivism factors are set forth in R.C. 2929.12.

{¶ 13} First, we find the trial court properly imposed appellant's original sentence of three years in regard to Count 1 when it found that appellant had violated the terms and conditions of his community control sanctions as it reserved the right to do so as provided by R.C. 2929.20(K). There is no requirement under R.C. 2929.20(K) that the

6.

court make any considerations or findings of fact regarding reimposition of the reduced sentence.

{¶ 14} Second, as to the penalties imposed for the violation of community control sanctions imposed for Counts 2, 3, and 4, the trial court specifically stated at the sentencing hearing and in its judgment entry that it considered the factors set forth in R.C. 2929.11 and 2929.12. Furthermore, we agree with the state that the trial court took appellant's addiction and lack of prior felony convictions into consideration when it granted his request for judicial release and each time appellant was found to have violated community control when it decided to reprimand appellant or impose more restrictive sanctions rather than revoke his community control.

{¶ 15} Accordingly, we conclude that the sentence was not contrary to law and find appellant's sole assignment of error not well-taken.

{¶ 16} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                JUDGE

Arlene Singer, J.

                                            _____
Thomas J. Osowik, J.                                            JUDGE
CONCUR.

                                            _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.