**[Cite as *State v. Glenn*, 2020-Ohio-2880.]**

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2019-05-088 |
| Appellee, | : | O P I N I O N |
|  | : | 5/11/2020 |
| - vs - | : |  |
|  | : |  |
| WILLIAM A. GLENN, | : |  |
| Appellant. | : |  |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-07-1310

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher Paul Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**M. POWELL, P.J.**

{¶ 1} Appellant, William Glenn, appeals from an entry of the Butler County Court of Common Pleas revoking his community control and imposing an aggregate 30-month prison term.

{¶ 2} In 2008, when appellant was 18 years old, he was convicted of aggravated robbery with a firearm specification and sentenced to eight years in prison. In 2019,

appellant was convicted of heroin possession, a fifth-degree felony, and attempted tampering with evidence, a fourth-degree felony. On February 20, 2019, he was sentenced to five years of community control on each of the charges. In sentencing appellant to community control, the trial court acknowledged appellant's prior aggravated robbery conviction, recognized that appellant "didn't get a break at that time when a lot of other 18-years-olds get a break for their first mistake," and advised appellant it was giving him "that break now." As part of his community control sanctions, appellant was ordered to successfully complete a six-month treatment program at River City Correctional Institution. The trial court advised appellant that if he violated the terms and conditions of his community control, he would be sentenced to 18 months in prison on the attempted tampering charge and 12 months in prison on the heroin possession charge, to be served consecutively for an aggregate 30-month prison term.

{¶ 3} On April 3, 2019, appellant violated the terms of his community control by voluntarily signing himself out of the River City program. The trial court held a hearing on the community control violation. Appellant admitted the violation but explained he left the program because he was subject to racial slurs and threats. The trial court revoked the community control and sentenced appellant to consecutive prison terms of 18 months on the attempted tampering charge and 12 months on the heroin possession charge.

{¶ 4} In imposing the prison terms, the trial court found that appellant's failure to successfully complete the River City program was not a mere technical violation; it was a violation of a special condition of appellant's community control. Noting appellant's prior aggravated robbery conviction, the trial court further found that consecutive sentences were necessary to protect the public from future crime, were not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public, and were necessary in view of appellant's history of criminal conduct. The trial court incorporated

those findings into its May 30, 2019 entry revoking community control and imposing the prison terms.

{¶ 5} Appellant now appeals, raising one assignment of error:

{¶ 6} THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED MR. GLENN TO CONSECUTIVE TERMS OF 18-MONTHS AND 12-MONTHS IN ODRC.

{¶ 7} Appellant challenges his 30-month prison sentence, arguing it violates the purposes and principles of felony sentencing of R.C. 2929.11 because the trial court "failed to use 'the minimum sanctions' needed to accomplish the purpose of punishing [him]." Appellant further argues that the record does not support the trial court's finding that consecutive sentences were not disproportionate to appellant's conduct and the danger he poses to the public as he was on community control for non-violent, low-level felony offenses.

{¶ 8} The R.C. 2929.11 purposes and principles of felony sentencing are inapplicable to the imposition of a penalty for a community control violation because R.C. 2929.11 does not apply to community control violations and R.C. 2929.15 does not require a trial court to consider the purposes and principles of felony sentencing when imposing a penalty for a community control violation.

{¶ 9} R.C. 2929.11(A) provides that "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing." Likewise, both R.C. 2929.11(B) and (C) refer to a sentence imposed upon an offender "for a felony." It is well established that a community control violation is not a "felony" because "any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense." *State v. Lee*, 12th Dist. Butler No. CA2014-03-076, 2015-Ohio-1760, ¶ 7. "In other words, without regard to the classification of the offense for which the community control sanction was imposed, a community control

violation is considered neither a misdemeanor nor a felony." *Id.* By its terms, R.C. 2929.11 plainly restricts its application to sentencing for felony offenses. Because a community control violation is not a felony, sentencing for community control violations is not subject to R.C. 2929.11.

{¶ 10} R.C. 2929.15(B) sets forth the penalties a trial court may impose upon an offender for violating the terms of community control. As applicable here, R.C. 2929.15(B)(1)(c) provides that if the offender violates the terms of community control, "the sentencing court may impose * * * [a] prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section[.]" R.C. 2929.15(B)(1)(c) does not require the sentencing court to consider the purposes and principles of sentencing of R.C. 2929.11 when imposing a prison term for a community control violation. Rather, once the sentencing court finds that the offender violated the terms of community control, R.C. 2929.15(B)(1)(c) plainly authorizes the court to impose a prison term without more. We therefore find no merit to appellant's argument that his 30-month prison sentence violated the purposes and principles of sentencing of R.C. 2929.11.

{¶ 11} Appellant further argues that the record does not support the trial court's finding that consecutive sentences were not disproportionate to his conduct and the danger he poses to the public as he was on community control for non-violent, low-level felony offenses.

{¶ 12} R.C. 2929.15(B)(1)(c) plainly provides that when a prison term is imposed as a penalty for a community control violation, a sentencing court must do so in compliance with R.C. 2929.14. *Lee*, 2015-Ohio-1760 at ¶ 10; *State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-108, 2016-Ohio-5559, ¶ 41. If the sentencing court imposes consecutive prison terms for the violation of multiple community control sanctions, the court must comply with R.C. 2929.14(C)(4). *State v. Hart*, 6th Dist. Lucas No. L-18-

1204, 2019-Ohio-3926, ¶ 10; *Duncan* at ¶ 41.

{¶ 13} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)].'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28; *State v. Ghazi*, 12th Dist. Warren Nos. CA2018-03-023 and CA2018-04-045, 2019-Ohio-339, ¶ 14.

{¶ 14} R.C. 2929.14(C)(4) requires the sentencing court to engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Duncan*, 2016-Ohio-5559 at ¶ 49. The sentencing court is further required to state the required findings on the record at the sentencing hearing and incorporate such findings into the sentencing entry. *Bonnell* at ¶ 29. While the sentencing court is not required to give reasons explaining these findings, it must be clear from the record that the court made the required statutory findings. *Duncan* at ¶ 50. However, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 15} The trial court originally sentenced appellant to community control for two felony offenses despite his prior conviction for aggravated robbery, an offense of violence. A condition of his community control was that he successfully complete the River City six-month treatment program. In short order, appellant voluntarily withdrew from the program without authorization or prior notice to the trial court or his probation officer. These circumstances support the trial court's finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public.

- 5 -

{¶ 16} The trial court further made the requisite R.C. 2929.14(C)(4) consecutive sentence findings during the community control violation hearing before sentencing appellant to consecutive prison terms for community control violations, and incorporated those findings into its May 30, 2019 entry revoking community control and imposing the prison terms.

{¶ 17} Based on the totality of the record at the time of sentencing on the community control violations, we do not clearly and convincingly find that the record does not support the trial court's consecutive sentence findings, including its finding that consecutive sentences are not disproportionate to appellant's conduct and the danger he poses to the public. Accordingly, we uphold the trial court's decision to impose the consecutive sentences.

{¶ 18} Appellant's assignment of error is overruled.

{¶ 19} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.