[Cite as *State v. Maines*, 2020-Ohio-3502.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2019-09-088 |
| | | CA2019-09-089 |
| | : | CA2019-09-090 |
| - vs - | | CA2019-09-095 |
| | : | CA2019-09-097 |
| | | CA2019-09-098 |
| MISTY M. MAINES, | : | |
| | | O P I N I O N |
| Appellant. | : | 6/29/2020 |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case Nos. 18CR34025, 18CR34742, and 19CR35576


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Johnna M. Shia, P.O. Box 145, Springboro, Ohio 45066, for appellant


**HENDRICKSON, P.J.**

{¶1} Appellant, Misty M. Maines, appeals from the sentence she received in the Warren County Court of Common Pleas following the revocation of her community control. For the reasons set forth below, we affirm her sentence.

{¶2} On July 11, 2018, in Warren County Court of Common Pleas Case No. 18CR34025, appellant pled guilty to one count of aggravated possession of drugs in

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

violation of R.C. 2925.11(A), a felony of the third degree. By pleading guilty, appellant admitted that on January 6, 2018, while at a motel in Mason, Warren County, Ohio, she knowingly possessed 4.47 grams of methamphetamine, a schedule II controlled substance. Appellant was sentenced to a three-year term of community control on August 30, 2018. At the sentencing hearing, appellant was advised that a violation of the terms of her community control could result in a prison sentence of 36 months.

{¶3} On October 4, 2018, appellant's probation officer filed a report of a community control violation, informing the court that appellant had tested positive for methamphetamine and had admitted to using methamphetamine. At a preliminary hearing on the violation, the trial court was notified that a new indictment had been filed against appellant in Warren County Court of Common Pleas Case No. 18CR34742, charging appellant with aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the fourth degree. The court continued the violation hearing.

{¶4} On November 26, 2018, the trial court held a combined final hearing on the community control violation in Case No. 18CR34025 and a change of plea hearing in Case No. 18CR34742. Appellant admitted to violating her community control in Case No. 18CR34025. She then pled guilty to aggravated trafficking in drugs in Case No. 18CR34742, admitting that on June 8, 2017, in Turtlecreek Township, Warren County, Ohio, she provided 2.99 grams of methamphetamine to an individual who sold the drugs to an undercover agent from the Warren County Drug Task Force. The trial court continued appellant on community control in Case No. 18CR34025 and sentenced her to a three-year term of community control in Case No. 18CR34742. Appellant was advised that a violation

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

of the terms of her community-control in Case No. 18CR34742 could result in the imposition of an 18-month prison sentence.

{¶5} On December 4, 2018, appellant's probation officer filed a report of a community control violation in Case Nos. 18CR34025 and 18CR34742, informing the court that appellant had tested positive for methamphetamine and amphetamine on November 26, 2018 and was found in possession of methamphetamine in her bedroom on December 4, 2018. Appellant admitted she violated the terms of her community control. The trial court chose to continue community control in both cases but added the requirement that appellant complete a program at a community-based correctional facility ("CBCF") before continuing on intensive supervised probation.

{¶6} In June 2019, appellant was indicted in Warren County Court of Common Pleas Case No. 19CR35576 on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. The charge arose out of appellant's possession of methamphetamine in her bedroom on December 4, 2019. On July 30, 2019, appellant pled guilty to the offense and was sentenced to a three-year term of community control. Appellant was ordered to continue to participate in mental health treatment and ordered not to associate with any person on community control, probation, parole, or pretrial supervision. Appellant was advised by the trial court that a violation of the terms of her community control could result in a 12-month sentence being imposed and that the sentence would be run consecutively to the sentence imposed in Case No. 18CR34025.

{¶7} On August 2, 2019, appellant's probation officer filed a report of a community control violation in Case Nos. 18CR34025, 18CR34742, and 19CR35576, asserting that

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

appellant had tested positive for methamphetamine and amphetamine and had admitted to using the drugs. The officer further asserted that appellant was engaged in or associated with other individuals engaged in trafficking in controlled substances. A final hearing on the community control violation in all three cases was held on August 14, 2019, at which time appellant admitted to violating her community control in the manner laid out in the probation officer's report. The trial court revoked appellant's community control in all three cases and sentenced appellant to a 36-month prison term in Case No. 18CR34025, to a 12-month prison term in Case No. 18CR34742, which was run concurrently to the prison term imposed in 18CR34025, and to a 12-month prison term in Case No. 19CR35576, which was run consecutively to the prison terms imposed in Case Nos. 18CR34025 and 18CR34742.

{¶8} Appellant appealed from the revocation of her community control in all three cases, raising the following as her only assignment of error:

{¶9} THE TRIAL COURT'S CONSECUTIVE SENTENCE IS CONTRARY TO LAW.

{¶10} In her sole assignment of error, appellant contends the trial court erred in ordering her 12-month prison sentence for violating community control in Case No. 19CR35576 be served consecutively to the prison sentences imposed in Case Nos. 18CR34025 and 18CR34742. Appellant does not argue that she was not properly notified of the sentence that could be imposed for a violation of the terms of her community control when she was first placed on community control or at an intervening revocation hearing, as

- 4 -

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

required by R.C. 2929.15(B) and 2929.19(B)(4).[1]  Rather, she argues that the trial court erred in imposing consecutive prison terms as a penalty for community control violations arising under separate case numbers.  She contends that a trial court can only impose "consecutive sentence[s] for either multiple convictions within the same indictment or [for] subsequent convictions committed while on community control."  She also argues that the trial court's consecutive sentencing findings under R.C. 2929.14(C)(4) are not supported by the record.

{¶11}  "It is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense."  *State v. Richter*, 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396, ¶ 8; *State v. Lee*, 12th Dist. Butler No. CA2014-03-076, 2015-Ohio-1760, ¶ 7.  "The penalties available to a court sentencing an offender for a community-control violation are prescribed in R.C. 2929.15(B)."  *State v. Howard*, Slip Opinion No. 2020-Ohio-3195, ¶ 14.  As applicable here, R.C. 2929.15(B)(1)(c) provides that if the offender violates the terms of community control, "the sentencing court may impose * * * [a] prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section[.]"  The

---

1. In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 29, the Ohio Supreme Court held that "pursuant to R.C. 2929.19(B)[4] and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."  The supreme court further determined that a trial court can cure its failure to notify an offender at her initial sentencing hearing of the potential, specific prison term that can be imposed if it provides the notice at a subsequent violation hearing so long as the notice is given before the hearing in which the trial court revokes community control and imposes the prison term.  *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17-18.  If the trial court properly notifies the offender at the initial sentencing hearing of the specific prison term she could receive if community control is revoked, the court does not need to repeat the notification at intervening violation hearings before revoking community control and imposing a prison term on the offender.  *State v. Howard*, Slip Opinion No. 2020-Ohio-3195, ¶ 20-22.

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

prison term imposed by the trial court "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing." *Howard* at ¶ 14, quoting R.C. 2929.15(B)(3).

{¶12} Here, in each of appellant's respective cases, she was advised at the time she was originally sentenced to community control of the penalty that could be imposed for a violation of the terms of her community control. With respect to Case No. 18CR34025, she was advised that a violation could lead to a 36-month prison. She was informed in Case No. 18CR34742 that a violation could lead to a prison term of 18-months. Finally, with respect to Case No. 19CR35576, appellant was advised that the court could impose a 12-month prison term for a violation and that the prison term would be run consecutively to a sentence imposed in Case No. 18CR34025. The prison terms imposed at the August 14, 2019 revocation hearing did not exceed the prison terms specified by the court at the initial sentencing hearings, thereby complying with R.C. 2929.15(B)(3).

{¶13} As for the decision to run the sentence in Case No. 19CR35576 consecutively, "R.C. 2929.15(B)(1)(c) plainly provides that when a prison term is imposed as a penalty for a community control violation, a sentencing court must do so in compliance with R.C. 2929.14." *State v. Glenn*, 12th Dist. Butler No, CA2019-05-088, 2020-Ohio-2880, ¶ 12. R.C. 2929.14 permits the imposition of consecutive prison terms in subdivision (C) upon certain findings being made by the trial court. As long as the R.C. 2929.14(C)(4) findings are made, prison terms imposed as penalties for violation of community control in separate cases may be ordered to be served consecutively. *See, e.g., State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-108, 2016-Ohio-5559 (finding the

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

trial court was authorized by law to revoke community control in two separate cases and run the 36-month prison term imposed in the second case consecutively to the 15-year prison term imposed in the first case); *State v. Artz*, 2d Dist. Champaign No. 2014-CA-34, 2015-Ohio-3789 (upholding the sentence imposed upon a defendant upon revocation of his community control in two separate cases, wherein the trial court ran a 12-month prison term imposed in one case consecutively to an 18-month prison term imposed in a second case).

{¶14} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)].'" *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28; *State v. Ghazi*, 12th Dist. Warren Nos. CA2018-03-023 and CA2018-04-045, 2019-Ohio-339, ¶ 14.

{¶15} R.C. 2929.14(C)(4) requires the sentencing court to engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith,* 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7; *Glenn*, 2020-Ohio-2880 at ¶ 14. Specifically, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7. The trial court's R.C. 2929.14(C)(4) findings are required to be made at the sentencing hearing and incorporated into the court's sentencing entry. *Bonnell* at ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. However, "a word-for-word recitation of the language of the statute is not required, and, as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶16} Appellant concedes that the necessary findings under R.C. 2929.14(C)(4) were made at sentencing when the court ran her sentence in Case No. 19CR35576 consecutive to her sentences in Case Nos. 18CR34025 and 18CR34742 and that the findings were included in her sentencing entry. She nonetheless argues that the record does not support the imposition of consecutive sentences. We disagree.

{¶17} The trial court found that (1) consecutive sentences were necessary to properly protect the public and to punish appellant, (2) consecutive sentences were not disproportionate to the seriousness of appellant's conduct or the danger posed by appellant,

- 8 -

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

(3) appellant committed one or more of the multiple offenses while awaiting trial or sentencing or while under statutory sanction, and (4) appellant's history demonstrated that consecutive sentences were necessary to protect the public from future crime by appellant. These findings are supported by the record, which reflects that appellant has a significant drug problem that dates back more than a decade. Prior to the three drug-related offenses she pled guilty to in Case Nos. 18CR34025, 18CR34742, and 19CR35576, appellant had also been convicted of possession of drug paraphernalia, possession of marijuana paraphernalia, and possession of heroin. As a result of a 2012 conviction for possession of heroin, appellant was sentenced to community control. She was required to complete a Monday program and participate in outpatient treatment at Solutions. Despite receiving treatment, appellant continued to use illegal substances.

{¶18} By pleading guilty in Case Nos. 18CR34742, 18CR34025, and 19CR35576, appellant admitted to trafficking in methamphetamine in June 2017 and possessing methamphetamine in January 2018 and December 2018. Though engaged in drug and mental health treatment, appellant continued to use illegal substances in 2018 and 2019. In October 2018, November 2018, and August 2019, appellant violated the terms of her community control by testing positive for methamphetamine. She further violated the terms of her community control by continuing to associate with individuals engaged in trafficking in controlled substances. In November 2018, appellant's probation officer advised the trial court that a search of appellant's phone revealed appellant had been actively seeking out and contacting numerous, well-known drug dealers in Warren County. The trial court cautioned appellant to watch with whom she was associating, but continued community

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

control to allow appellant to obtain the drug and mental health treatment she needed. When a warning proved insufficient and appellant again violated the terms of her community control, the trial court barred appellant from associating with any person on community control, probation, parole, or pretrial supervision as a condition of her community control.

{¶19} As the trial court noted when revoking appellant's community control, appellant had been convicted of three separate drug cases in a year and one-half. One of those convictions was for conduct that occurred while appellant was already serving community control sanctions in Case Nos. 18CR34025 and 18CR34742. Appellant's most recent violation for testing positive to methamphetamine and amphetamine and having associated with other individuals engaged in trafficking in controlled substances occurred after appellant completed a Monday program and received drug and mental health treatment at a CBCF on two occasions, outpatient treatment at Solutions twice, and outpatient treatment at Talbert House. Despite being given numerous opportunities to help herself through treatment, appellant has been unable to stop using illegal substances or comply with the terms of her community control sanctions. Appellant's latest violation of her community control demonstrated consecutive sentences are necessary to punish appellant and to protect the public from future crime by appellant. Running appellant's 12-month sentence in Case No. 19CR35576 consecutive to the 36-month prison sentence imposed in Case Nos. 18CR34025 and 18CR34742 is not disproportionate to the seriousness of appellant's conduct or the danger she poses to public.

{¶20} Accordingly, as the record supports the findings made by the trial court under R.C. 2929.14(C)(4), we find that the court did not err in imposing consecutive sentences.

Warren CA2019-09-088
CA2019-09-089
CA2019-09-090
CA2019-09-095
CA2019-09-097
CA2019-09-098

Appellant's sentence is supported by the record and is not contrary to law.  Appellant's sole assignment of error is, therefore, overruled.

{¶21}  Judgment affirmed.

PIPER and M. POWELL, JJ., concur.